RECORD NO. 12-4303

In The
# United States Court of Appeals
### For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee*,

v.

**JAMES BESTMAN,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE**

---

**BRIEF OF APPELLANT**

---

**Joseph M. Owens**
ATTORNEY AT LAW
115 West Saratoga Street
Baltimore, Maryland  21201
(910) 988-1317

*Counsel for Appellant*

---

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................. iii

STATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION ..............................................................................1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW .............................1

STATEMENT OF THE CASE.................................................................................2

STATEMENT OF FACTS .......................................................................................4

SUMMARY OF THE ARGUMENT .......................................................................6

STANDARD OF REVIEW ......................................................................................7

ARGUMENT I..........................................................................................................8

    The Court Erred When It Allowed Evidence of Misconduct that
    Occurred Outside the Charging Period...........................................................8

ARGUMENT II .........................................................................................................8

    The Court Erred by Not Granting a Mistrial When the Government
    Violated the Court's Order and Elicited Inadmissible Evidence ....................8

ARGUMENT III........................................................................................................9

    The Court Erred by Not Allowing a Thorough Impeachment of
    Government Witnesses ...................................................................................9

ARGUMENT IV.......................................................................................................10

    Mandatory Minimums for the Drug Offenses are Unconstitutional .............10

ARGUMENT V ...................................................................................................11

    Bestman's Sentence Misrepresents His Role in the Drug Conspiracy..........11

CONCLUSION ..................................................................................................12

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*Harris v. United States*,
   536 U.S. 545 (2002)..................................................................................10

*Rogers v. United States*,
   422 U.S. 35 (1975)....................................................................................10

*United States v. Sloan*,
   36 F.3d 386 (4th Cir. 1994) ........................................................................9

## **CONSTITUTIONAL PROVISION**

U.S. CONST. amend. VI................................................................................11

## **STATUTES**

18 U.S.C. § 1956(a)(I)(B) .........................................................................2, 4

18 U.S.C. § 3231 ...........................................................................................1

21 U.S.C. § 841(a)(1) ....................................................................................3

28 U.S.C. § 1291 ...........................................................................................1

## **RULES**

Fed. R. Evid. 403 .......................................................................................7, 8

Fed R. Evid. 404 .....................................................................................1, 6, 7

# STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This is an appeal from final judgment in a criminal case, entered against James Bestman (Bestman) on April 19, 2012, in the United States District Court for the District of Maryland, Northern Division. JA54. Jurisdiction in the District Court was based upon 18 U.S.C. § 3231, as this matter concerns the prosecution of the Appellant by the United States for a violation of the United States Code.

By Notice of Appeal filed April 20, 2012, Appellant requested that the United States Court of Appeals for the Fourth Circuit review the final decision of the District Court as to his conviction and sentence pursuant to the jurisdiction conferred by 28 U.S.C. § 1291. JA61.

# STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

The following issues are respectfully presented to this Court for review:

(1)     whether the court erred by introducing the uncharged misconduct; i.e. Bestman's role in the drug industry prior to 2006;

(2)     whether the court erred when it failed to grant a mistrial based on the Government's violation of the court order that elicited evidence inadmissible pursuant to F.R.E. 404;

(3)     whether the court erred when it failed to allow a thorough impeachment of a key Government witness;

1

(4)  whether the Mandatory Minimums for the drug offenses are unconstitutional, and

(5)  whether Bestman's sentence is disproportionate to his role in the drug industry central to this case.

## STATEMENT OF THE CASE

In April 2010, it was alleged James Bestman and Rosetta Chukwuani, from approximately March 2007 and continuously thereafter to on or around December 2007, in the District of Maryland:

> [d]id knowingly and willfully combine, conspire, confederate and agree with others known and unknown to the Grand Jury, to knowingly and willfully conduct, attempt to conduct, and cause others to conduct financial transactions affecting interstate commerce which in fact involved the proceeds of specified unlawful activity, that is, the unlawful distribution of controlled substances, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity and knowing that the property involved in the financial transactions represented proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(I)(B).[1] JA14.

---

[1] Counts two (Structuring); Count three – 11 (Reporting Evasion Money Laundering); Count 12 (Concealment Money Laundering) and Count 13 (Transactional Money Laundering) are not discussed in this brief. JA14.

2

Subsequently, on March 14, 2012, the Government superseded the indictment and filed a twenty three count[2] indictment alleging:

### COUNT I

From at least 2004 through April 2010, in the District of Maryland and elsewhere, [James Bestman] did knowingly and willfully combine, conspire, confederate and agree with others known and unknown to the Grand Jury, to knowingly, intentionally, and unlawfully distribute and possess with intent to distribute a thousand kilograms or more of a mixture or substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT II

From at least 2004 through April 2010, in the District of Maryland and elsewhere, [James Bestman] did knowingly and willfully combine, conspire, confederate and agree with others known and unknown to the Grand Jury, to knowingly, intentionally, and unlawfully distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### COUNT III

From March 2007, and continuously thereafter to on or about December 2007, in the District of Maryland [James Bestman and Rosetta Chukwani] , herein, did knowingly and willfully combine, conspire, confederate and agree with others known and unknown to the Grand Jury, to knowingly and willfully conduct, attempt to conduct, and cause others to conduct financial transactions affecting interstate commerce which in fact involved the proceeds of specified

---

[2] Counts four – 12 (Structuring); Counts 13 – 21 (Reporting Evasion Money Laundering); Count 22 (Concealment Money Laundering) and Count 23 (Transactional Money Laundering) were ultimately dismissed prior to impaneling the jury and are not discussed in this memorandum. JA1.

3

unlawful activity, that is, the unlawful distribution of controlled substances, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity and knowing that the property involved in the financial transactions represented proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(I)(B). JA22.

On October 3, 2012, prior to the commencement of trial, Counts four through 23 of the superseding indictment were dismissed. JA1. Later, on October 3, 2012, a jury-trial, the Honorable Catherine Blake presiding, was held. On October 14, 2012, Bestman was convicted of Counts I and III. JA49. On April 19, 2012, Bestman was sentenced to 262 months confinement for Count I, along with a concurrent 240 months confinement sentence for Count III. JA54. The instant appeal was noted on April 20, 2012. JA60.

## STATEMENT OF FACTS

Bestman was initially charged only with the money laundering offense (Count III); however, because Bestman refused to plead guilty, the Government filed a Superseding Indictment. JA14, JA22. The Superseding Indictment contained 21 money laundering counts and two drug conspiracy counts. JA22. One of these new drug counts accused Bestman of conspiring to distribute over five kilograms of cocaine; the other accused Bestman of conspiring to distribute 1000 kilograms of marijuana. JA22. Although the indictment alleged that the drug conspiracies began in 2004, the Government was allowed to introduce evidence of

4

drug transactions that occurred prior to the 2004.[3] The Court ruled discussion of Bestman's incarceration inadmissible. Additionally, counts four through 23 were dismissed by the Government before the jury was impaneled. JA1.

The Defense argued that there were two distinct conspiracies: one that occurred in Arizona and Ohio, and a second that occurred in California. The Defense further argued that Bestman withdrew[4] from the conspiracy before certain events involving the marijuana took place in San Diego, California. JA48.

To support the drug conspiracy, the Government elicited testimony from, amongst others, Lawrence Reeves (Reeves), Rosetta Chukwauni (Chukwauni), and

---

[3] The Defense essentially conceded Bestman's pre-indictment misconduct when, in its closing arguments, the Defense stated, "They didn't prove their case. They didn't charge it properly. [Bestman] may not be innocent of what happened before 2004, may not, but he is not guilty of those offenses under the law."  JA47a.

[4] The Court issued the following jury instruction:

> Now as to Count 1, the marijuana conspiracy, Mr. Bestman has asserted as a partial defense that he withdrew from the conspiracy on March 21, 2010. That would not, however, be a defense to the charge of conspiracy prior to March 21, 2010, if you find the government has otherwise proved him guilty of that charge in accordance with all the instructions.
>
> Once a conspiracy is established, it is presumed to continue, unless or until the defendant shows that it was terminated or he withdrew from it. A mere cessation or stopping of activity in furtherance of the conspiracy is insufficient. The defendant must show affirmative acts inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach its co-conspirators.
> JA47b.

5

Matthew Minor (Minor). JA37, 42, 44. During the testimony of Reeves the Government violated the Court's ruling regarding F.R.E. 404 and elicited testimony about Bestman's prior incarceration; the Defense requested a mistrial, which the court denied, and trial continued. JA35. To support the money laundering counts the Government elicited testimony from Eleanora Dean, John Dunphy and the aforementioned Chukwauni. The Defense called one witness, Lamphrey James (James). JA46. James' testimony essentially solidified the Government case as to Count I. The Defense strategy was to challenge the credibility of the Government's cooperating witnesses and to argue in the alternative legal, *not factual*, insufficiency of the evidence. Bestman did not take the stand in his defense.

Ultimately, Bestman was convicted of Counts I (marijuana offense) and III (money laundering) and acquitted of Count II (cocaine offense). JA49. The mandatory minimum on the drug conspiracy charge is ten years. The Court sentenced Bestman to 262 months for the drug conspiracy and 240 months for the money laundering. JA54.

## SUMMARY OF THE ARGUMENT

The Court's inconsistency and conduct by the prosecution undermined Bestman's right to a fair trial. The Court allowed evidence of Bestman's 2004 drug dealings to be introduced, much of which had zero probative value as to any issue

6

before the fact-finder. Further, even in the limited situation in which the defense received a favorable ruling under F.R.E. 403 and 404, the Government failed to take the proper remedial measure to ensure the rulings were complied with. This allowed the fact-finder to be presented with inadmissible evidence to which they received a non-persuasive curative instruction. Finally, the Court disallowed impeachment evidence against a key Government witness that, if admitted, would clearly have assisted in destroying their limited credibility. Favorable rulings as to arguments I, II, and/or III merit this case being remanded for a new trial.

Further, regardless of whether the trial stands, the sentences are disproportionate to the misconduct. In this case, mandatory minimums exist; however, the fact-finder was not made aware of them. Further, a 262 month sentence for the distribution of marijuana is inappropriate given Bestman's role in the drug industry. Favorable rulings as to arguments IV and V merit this case remanded for resentencing.

## **STANDARD OF REVIEW**

All four issues were preserved for appeal by timely, specific objection at the District Court.

## ARGUMENT I:
## The Court Erred When It Allowed Evidence of Misconduct that Occurred Outside the Charging Period

The Government, in an effort to attack Bestman's character, presented evidence of drug convictions and incarcerations that occurred prior to the charging period. JA32. In short, the desire of the Government was clear, Bestman had a history of drug offenses predating the charged period and he, at some period of time, was incarcerated. In order, to gain an emotional response from the fact-finder, the Government elicited testimony which demonstrated his sullied past. Such is impermissible under Federal Rule of Evidence 403. The trial judge allowing such testimony was prejudicial, especially in light of the inconsistency of her additional rulings. Accordingly, this error should result in the verdict being set-aside.

## ARGUMENT II:
## The Court Erred by Not Granting a Mistrial When the Government Violated the Court's Order and Elicited Inadmissible Evidence

The court allowed the Government to present significant evidence of Bestman's unlawful conduct prior to 2006, however, ruled inadmissible his prior incarceration. Despite this ruling, the Government elicited testimony about the incarcerations from its initial witness:

> Government: Now, do you know whether Mr. Bestman's drug dealing had stopped by the time you started dealing in '94, '95 time frame.

8

>Reeves: Yes, he was locked up.
>JA35.

The Defense requested a mistrial that the Court denied however, a curative instruction was read to the jury. Even if the Government's question was not a direct attempt to elicit evidence of Bestman's past incarceration, a simple reading of the question demonstrates the answer given by the Government's well-prepped star witness was logical and should have been expected. Nonetheless, even conceding no prosecutorial misconduct; manifest necessity requires declaration of mistrial. *United States v. Sloan*, 36 F.3d 386 (4th Cir. 1994). Because this trial was in in its infancy when the error occurred, a mistrial would not have given the Defense an unfair advantage or prevented a new trial; however, a mistrial would have allowed for a new jury to be called, one that was untainted by the improper evidence. Further, a mistrial would have prevented the jury from being required to compartmentalize issues in a manner in which even a trained jurist would likely fail. Accordingly, this error should result in the verdict being set-aside.

## ARGUMENT III:
## The Court Erred by Not Allowing a Thorough Impeachment of Government Witnesses

The Government called Minor as a witness; who testified as to the conspiracies. Minor had an extensive criminal record, dating back over ten years, which should have been before the fact-finder. The Court ruled that his record (outside of the ten year window) was inadmissible, and stated:

9

> Unless there is something that opens the door, the Fourth Circuit appears to me to take a very strict, stringent standard on this. I appreciate that Ms. Bell might have a better argument in another circuit, but it appears to me that I am to admit convictions over ten years old very rarely, and only in exceptional circumstances. JA40.

However, the Government clearly opened the door to Minor's criminal history when it stated, "Let's talk a second about your criminal history." JA41. This question led to only an abbreviated version of Minor's criminal history that most certainly misled the jury. Accordingly, this error should result in the verdict being set-aside.

## ARGUMENT IV:
## Mandatory Minimums for the Drug Offenses are Unconstitutional

Mandatory minimum sentences, especially in cases where the fact-finder in unaware of their existence, deprives the fact-finder of a meaningful role in the system of justice. Although this Court (and others) have upheld the constitutionality of mandatory minimum sentences, this position should be revisited. *Harris v. United States*, 536 U.S. 545 (2002). Further, it is well established that when a jury has no sentencing function, it should be admonished to "reach its verdict without regard to what sentence might be imposed." *Rogers v. United States*, 422 U.S. 35 (1975). Nonetheless, in cases where a mandatory minimum exists, the jury should be advised so that it has the choice to convict or not based on whether it feels that the law, or the penalty, is unjust; otherwise, the

10

6th Amendment is eviscerated. Accordingly, this error should result in the case being remanded for a new sentencing procedure.

## ARGUMENT V:
## Bestman's Sentence Misrepresents His Role in the Drug Conspiracy

Bestman's sentence misrepresents his role in the drug conspiracy and should be reduced. The Court's sentencing statements held:

> We are talking about a lengthy time period, and I am limiting my consideration just to the charged time, the 2004 essentially through 2010 time period that is in front of us. *Even simply limiting it to the quantities of marijuana that are involved, obviously it is a very, very, very substantial amount of drugs. [Italics original.]*
> …
> Mr. Bestman involvement spans not only a number of years, but a number of states … The sentence has to reflect the seriousness of the offense and the need to protect the public.
> JA52.

However, Bestman was convicted only of conspiracy to distribute marijuana; he was acquitted of the cocaine offense. In fact, the colloquy with Reeves demonstrates that Bestman was not involved in the distribution of cocaine during the period of which he was charged:

> Government:   Your personal knowledge of Mr. Bestman includes no information dealing with cocaine after the wedding in 2004, correct?
>
> Reeves:   No.
> JA39.

11

There is no indication of violence anywhere in the record. Bestman was not a "king-pin" in the distribution of marijuana. Accordingly, this error should result in the case being remanded for a new sentencing procedure.

## **CONCLUSION**

For the foregoing reasons, Bestman respectfully asks the Court to reverse his conviction and remand the case to the District Court.

Respectfully Submitted,

/s/ Joseph M. Owens
Joseph M. Owens
Attorney at Law
115 West Saratoga Street
Baltimore, Maryland 21201
(910) 988-1317

*Counsel for Appellant*

# **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*2,556*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

   [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: December 31, 2012            /s/ Joseph M. Owens
                                    *Counsel for Appellant*

# **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 31st day of December, 2012, I caused this Brief of Appellant and Joint Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

>Mushtaq Z. Gunja
>Joshua L. Kaul
>OFFICE OF THE U.S. ATTORNEY
>36 South Charles Street, 4th Floor
>Baltimore, Maryland  21201
>(410) 209-4988
>
>*Counsel for Appellee*

I further certify that on this 31st day of December, 2012, I caused the required copies of the Brief of Appellant and Joint Appendix to be hand filed with the Clerk of the Court.

>/s/ Joseph M. Owens
>*Counsel for Appellant*